NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

YARLENY MARIA SUAZO RIVERA,

　　　　　　Petitioner,

　　　　v.

TODD BLANCHE, *et al.*,

　　　　　　Respondents.

Case No. 2:26-cv-03892 (BRM)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Yarleny Maria Suazo Rivera's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 8 U.S.C. § 2241 challenging her continued detention without a bond hearing. (ECF No. 1.) Respondents filed a letter response (ECF No. 5), and Petitioner filed a letter reply (ECF No. 6). Having reviewed and considered the parties' submissions filed in connection with the Petition, and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below and for good cause having been shown, Petitioner's Petition is **GRANTED**.

I.　　**BACKGROUND**

Petitioner, a citizen of Honduras, unlawfully entered the United States on October 17, 2024. (ECF No. 5-1 at 4.) On October 19, 2024, Petitioner was arrested by immigration officials. (*Id.*) Petitioner was processed as an expedited removal with credible fear. (*Id.*) On October 21, 2024, United States Border Patrol ("USBP") released Petitioner and referred her to Immigration and Customs Enforcement ("ICE"), Enforcement and Remvoal Operations ("ERO") Alternative to Detention ("ATD") program. (*Id.*) On November 4, 2024, an immigration officer found no credible

fear. (*Id.*) On November 18, 2024, an Immigration Judge ("IJ") overturned the negative credible fear finding. (*Id.*; ECF No. 5-3.) On December 17, 2024, United States Citizenship and Immigration Services ("USCIS") issued Petitioner a Notice to Appear ("NTA"). (*Id.*) On December 23, 2024, DHS released her on humanitarian parole under 8 U.S.C. § 1182(d)(5)(A). (*See* ECF No. 5-4 at 4–6.)

On April 11, 2026, ICE agents detained Petitioner. (ECF No. 1 at 3.) Following Petitioner's arrest and detention by ICE, she has not been afforded an individualized bond hearing because she is being held in mandatory detention under 8 U.S.C. § 1225(b)(1). (*See generally* ECF No. 5.)

On January 30, 2026, Petitioner filed the Petition arguing her detention under 8 U.S.C. § 1225(b)(2) is unlawful. (*See generally* ECF No. 1.) Respondents filed an answer, arguing Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(1). (*See generally* ECF No. 5.) Petitioner replied. (ECF No. 6.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on Petitioner to show she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

**III.    DECISION**

Petitioner argues because she was arrested inside the United States after residing here, the mandatory-detention provision of 8 U.S.C. § 1225(b)(2)(A) does not apply to Petitioner and she is unlawfully detained. (ECF No. 1-2 at 1–2.) Petitioner claims she may only be rightfully detained, if at all, under the discretionary-detention provision of 8 U.S.C. § 1226(a). (*Id.* at 2.) Respondents contend "ICE has detained Petitioner under 8 U.S.C. § 1225(b)(1)(B)(ii) because she was (i) apprehended at a port of entry or near the border, (ii) placed into expedited removal proceedings, and (iii) an . . . [IJ] vacated the USCIS officer's negative credible fear finding." (ECF No. 5 at 1.) Respondents argue Petitioner is therefore subject to mandatory detention under § 1225(b)(1) upon her re-detention. (*Id.* at 1–3.) Respondents submit that noncitizens, like Petitioner, "who are paroled are . . . subject to the 'entry fiction' in which they are legally considered as if they remained at the border throughout and after their parole until removal or credible fear proceedings conclude." (*Id.* at 2–3 (quoting *Sanchez v. Soto*, Civ. A. No. 25-19082, 2026 WL 125576, at *2 (D.N.J. Jan. 16, 2026)).

8 U.S.C. § 1225 governs the "[i]nspection by immigration officers" of "[a]liens"[1] and provides for the mandatory detention and expedited removal of certain "inadmissible arriving aliens." *Id.* Section 1225(a)(1) pertains to "[a]liens treated as applicants for admission" and states:

> An alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed for purposes of this chapter an applicant for admission.

8 U.S.C. § 1225(a)(1). Section 1225(b), in turn, requires the mandatory detention—without a bond hearing—of two groups of "applicants for admission." 8 U.S.C. §§ 1225(b)(1)-(2).

---

[1] The Court uses the terms alien and noncitizen interchangeably.

At issue here is the group of applicants for admission that falls under § 1225(b)(1). Section 1225(b)(1) states it governs "[i]nspection of aliens arriving in the United States and certain other aliens *who have not been admitted or paroled*." § 1225(b)(1) (emphasis added). Therefore, it applies to (1) noncitizens arriving in the United States, § 1225(b)(1)(A)(i), and (2) certain other aliens, § 1225(b)(1)(A)(iii)(II). Section 1225(b)(1)(A)(iii)(II) describes "certain other aliens" as an alien "*who has not been admitted or paroled into the United States*, and who has not affirmatively shown . . . the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph." § 1225(b)(1)(A)(iii)(II) (emphasis added). If a noncitizen falls under either § 1225(b)(1) category, they are subject to expedited removal if the noncitizen is "inadmissible" to the United States either because they lack proper entry documents or because they engaged in fraud or willfully misrepresented a material fact on their application for admission. § 1225(b)(1)(A)(i); 8 U.S.C. §§ 1182(a)(6)(C), (a)(7).

Section 1225(b)(1)(A)(i) instructs if the individual is deemed inadmissible and neither demonstrates his intent to apply for asylum nor indicates his fear of prosecution, torture, or returning to his country of origin, then the immigration officer will issue a Notice and Order of Expedited Removal. 8 C.F.R. § 235.3(b)(2)(i). Individuals placed in expedited removal proceedings pursuant to Section 1225(b)(1) are mandatorily detained. 8 U.S.C. §§ 1225(b)(1)(B)(ii), (iii)(IV).[2]

---

[2] 8 U.S.C. § 1225(b)(2)(A) requires mandatory detention if the individual is "an alien who is an applicant for admission" and "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). This includes "noncitizens who are arriving in the United States, seeking admission, and are inadmissible for some reason other than misrepresentation or failure to meet document requirements." *Vasquez-Rosario v. Noem*, Civ. A. No. 25-7427, 2026 WL 196505, at *4

4

The parole statute, § 1182(d), provides for the temporary admission of noncitizens who are mandatorily detained under § 1225(b)(1) by way of humanitarian parole. 8 U.S.C. § 1182(d). 8 U.S.C. § 1182(d)(5)(A) states:

> The Secretary of Homeland Security may, except as provided in subparagraph (B) or in section 1184(f) of this title, in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

8 U.S.C. § 1182(d)(5)(A).

Respondents argue because Petitioner was originally subject to § 1225(b)(1) mandatory detention and was subsequently paroled into the United States pursuant to § 1182(d)(5)(A), she returns to mandatory detention under § 1225(b)(1) upon her re-detention. (ECF No. 5 at 3.) The Court disagrees that Petitioner is lawfully detained under § 1225(b)(1).

Based on the plain text of § 1225(b)(1)(A)(iii)(II), it does not authorize mandatory detention of noncitizens, when the noncitizen was *previously paroled* in the United States. *See, e.g.*, *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274 (E.D.N.Y. 2025). As the *Rodriguez-Acurio* court explained,

> the statutory text of [§ 1225(b)(1)(A)(iii)(II)] does not read that a noncitizen is eligible for expedited removal if that person "*is* not currently on parole." Instead, it ties the ability to be designated for expedited removal to whether the noncitizen "has not *been* . . . paroled," leaving open the possibility that "whether a noncitizen's parole is active, or has expired or been terminated, does not matter."

(E.D. Pa. Jan. 26, 2026) (quoting *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 293–94 (E.D.N.Y. 2025)).

5

811 F. Supp. 3d at 299 (quoting *Coal. for Humane Immigrant Rts. v. Noem*, 805 F. Supp. 3d 48, 83 (D.D.C. 2025)). The plain language of § 1225(b)(1)(A)(iii)(II) applies to noncitizens who have "not been paroled" into the United States.

Here, as Petitioner has been previously paroled into the country, it cannot serve as the basis for Petitioner's current re-detention. *See, e.g.*, *Rodriguez-Acurio*, 811 F. Supp. 3d at 299–300 (concluding "has not been . . . paroled" in § 1225(b)(1)(A)(iii)(II) describes a past event of parole, not a present status, because the present-perfect tense captures whether parole occurred "at any time in the indefinite past," and although the term "parole" can refer to both a manner of entry and legal status, contextual clues, such as the pairing of "*admitted* or paroled into the United States," show Congress referred to a manner of entry, not an ongoing legal status (citations omitted)); *see also Rivas Rodriguez v. Rokosky*, Civ. A. No. 25-17419, 2025 WL 3485628, at *2 (D.N.J. Dec. 3, 2025) (finding "because § 1225(b)(1)(A)(iii)(II) applies only to individuals 'who have not been . . . paroled,' the plain language of the statute clearly and unambiguously shows that § 1225(b)(1)(A)(iii) cannot serve as the basis for" detention of a noncitizen who was previously paroled under § 1182(d)(5)(A)); *Vasquez-Rosario v. Noem*, Civ. A. No. 25-7427, 2026 WL 196505, at *7 (E.D. Pa. Jan. 26, 2026) (same).

Respondents submit Petitioner is subject to mandatory detention under § 1225(b)(1) because she was previously "(i) apprehended at a port of entry or near the border, (ii) placed into expedited removal proceedings, and (iii) an . . . [IJ] vacated the USCIS officer's negative credible fear finding." (ECF No. 5 at 1.) However, Respondents fail to discuss the plain text of § 1225(b)(1), nor do they provide the Court with any statutory analysis. Furthermore, Respondents fail to analyze the statutory language of the parole statute, § 1182(d)(5)(A), and how it provides for Petitioner's return to mandatory detention under § 1225(b)(1).

Based on the above reading of the plain text of § 1225(b)(1), the Court finds Petitioner's detention under § 1225(b)(1) is unlawful, as she was previously paroled into the country. Respondents argue if the Court finds §1225(b)(1) does not apply to Petitioner—which it has—a bond hearing under § 1226(a) is the only remedy available to Petitioner. (ECF No. 5 at 3–4.) Although Petitioner may be lawfully subject to detention under a different statute, "the Government did not attempt to follow the requirements of that statute in taking him into custody, nor have they used that statute as a basis for his detention." *Fajardo-Nugra v. Soto*, Civ. A. No. 26-975, 2026 WL 579192, at \*1 (D.N.J. Mar. 2, 2026). The Court will not correct Respondents' unlawful application of § 1225(b)(1) and detention of Petitioner by converting Petitioner's detention to a "potentially lawful alternate form under a different statute with different procedural requirements and rules." *Id.* at \*2 (granting Petitioner's habeas petition and ordering Petitioner's release based on the Government's flawed application of § 1225(b)(2)). Respondents detained Petitioner unlawfully under § 1225(b)(1), and the Court has found she is not subject to detention under that statute. Therefore, Respondents shall release Petitioner from custody.

## IV.   CONCLUSION

For the reasons set forth above, the Petition (ECF No. 1) is **GRANTED** and Respondents shall release Petitioner from custody. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: April 29th, 2026